Laura R. Handman (LH-5353)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Ste. 200
Washington, D.C. 10026-3402
Tel.: (202) 973-4200
Fax: (202) 973-4499
laurahandman@dwt.com
*Attorneys for Defendant Discovery Communications, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JIM MOORE,                                                   :
                                                             :
                    Plaintiff,                               :
                                                             :   Index No. 08 CV 3840 (JGK)
        - against -                                          :
                                                             :   **DEFENDANT DISCOVERY**
BRITISH BROADCASTING COMPANY,                                :   **COMMUNICATIONS, LLC'S**
DISCOVERY COMMUNICATIONS, LLC,                               :   **ANSWER**
WALL TO WALL PRODUCTIONS, INC.,                              :
MAGNOLIA PICTURES, INC., POLARIS                             :
IMAGES CORPORATION THE WORKS                                 :
MEDIA GROUP, PLC., JP PAPPIS, and                            :
SIMON CHINN,                                                 :
                                                             :
                    Defendants.                              :
-------------------------------------------------------------X

Discovery Communications, LLC ("Discovery"), by its attorneys Davis Wright Tremaine LLP, answers Plaintiff Jim Moore's Complaint (the "Complaint") as follows:

## PARTIES

1.  Denies the allegations contained in Paragraph 1 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

3.  Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

4.  Admits the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. Denies the allegations contained in Paragraph 11 of the Complaint, except admit that the Complaint purports to state a cause of action for copyright infringement.

12. Paragraph 12 of the Complaint contains allegations of law to which no responsive pleading is necessary.

13. Paragraph 13 of the Complaint contains allegations of law to which no responsive pleading is necessary.

## BACKGROUND

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17 of the Complaint, except states that, upon information and belief, Moore licensed certain photographic images to Wall to Wall (Egypt) Ltd. ("Wall to Wall") through his authorized agent, Polaris Images Corporation.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 19 of the Complaint, except admits that Moore took certain photographs of Mr. Petit in 1974 that involved the events leading up to Mr. Petit's walking on a wire between the towers of the World Trade Center.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except states, upon information and belief, that copies of certain of Moore's photographs were licensed to Wall to Wall and are annexed to the Complaint.

21. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 24 of the Complaint, except affirmatively alleges, upon information and belief, that Moore gave Polaris express authority to negotiate with Wall to Wall

to license certain photographs of Moore's for use in the film "Man on Wire" and denies the description of the images as "unlicensed."

25. Denies the allegations contained in Paragraph 25 of the Complaint, except affirmatively alleges, upon information and belief, that Wall to Wall (Egypt) Ltd. negotiated and came to an agreement with Polaris, Moore's authorized agent, for use of some of Moore's photographs on the film "Man on Wire."

26. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in Paragraph 34 of the Complaint.

### FIRST CAUSE OF ACTION
### Copyright Infringement Against All Defendants

35. Defendant Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of this Answer as if fully set forth herein.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION
**Vicarious Copyright Infringement as Against Defendants Pappas and Chinn**

42. Defendant Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. Paragraph 43 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

44. Paragraph 44 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

45. Paragraph 45 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

46. Paragraph 46 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

47. Paragraph 47 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

48. Paragraph 48 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

49. Paragraph 49 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

50. Paragraph 50 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

51. Paragraph 51 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

### THIRD CAUSE OF ACTION
#### Contributory Copyright Infringement as Against Defendants Pappis, Chinn, Polaris, and Wall to Wall

52. Defendant Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 51 of this Answer as if fully set forth herein.

53. Paragraph 53 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

54. Paragraph 54 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

55. Paragraph 55 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

56. Paragraph 56 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

57. Paragraph 57 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

58. Paragraph 58 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

### FOURTH CAUSE OF ACTION
#### Negligence as Against Defendants Pappis and Polaris

59. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 58 of this Answer as if fully set forth herein.

60. Paragraph 60 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

61. Paragraph 61 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

62. Paragraph 62 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

63. Paragraph 63 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

64. Paragraph 64 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

65. Paragraph 65 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

66. Paragraph 66 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## FIFTH CAUSE OF ACTION
### Fraud as Against Defendants Pappis and Polaris

67. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 66 of this Answer as if fully set forth herein.

68. Paragraph 68 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

69. Paragraph 69 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

70. Paragraph 70 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

71. Paragraph 71 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

72. Paragraph 72 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

73. Paragraph 73 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

74. Paragraph 74 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## SIXTH CAUSE OF ACTION
### Breach Of Fiduciary Duty as Against Defendants Pappis and Polaris

75. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 74 of this Answer as if fully set forth herein.

76. Paragraph 76 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

77. Paragraph 77 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

78. Paragraph 78 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

79. Paragraph 79 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

80. Paragraph 80 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

81. Paragraph 81 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## SEVENTH CAUSE OF ACTION
### Aiding and Abetting Breach of Fiduciary Duty as Against Defendants Wall to Wall and Chinn

82. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 81 of this Answer as if fully set forth herein.

83. Paragraph 83 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

84. Paragraph 84 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

85. Paragraph 85 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

86. Paragraph 86 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## EIGHTH CAUSE OF ACTION
### Breach of Contract as Against Defendants Pappis and Polaris

87. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 86 of this Answer as if fully set forth herein.

88. Paragraph 88 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

89. Paragraph 89 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

90. Paragraph 90 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

91. Paragraph 91 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## NINTH CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing as Against Defendants Pappis and Polaris

92. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 91 of this Answer as if fully set forth herein.

93. Paragraph 93 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

94. Paragraph 94 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

95. Paragraph 95 of the Complaint is not applicable to Discovery, thus no responsive pleading is necessary.

## TENTH CAUSE OF ACTION
### Unjust Enrichment as Against All Defendants

96. Discovery repeats and realleges each and every allegation contained in Paragraphs 1 through 95 of this Answer as if fully set forth herein.

97. Denies the allegations contained in Paragraph 97 of the Complaint.

98. Denies the allegations contained in Paragraph 98 of the Complaint.

99. Denies the allegations contained in Paragraph 99 of the Complaint.

100. Denies the allegations contained in Paragraph 100 of the Complaint.

## JURY DEMAND

101. Paragraph 101 of the Complaint contains statements of law to which no responsive pleading is necessary.

## FIRST AFFIRMATIVE DEFENSE

102. Plaintiff fails to state a claim against Discovery.

## SECOND AFFIRMATIVE DEFENSE

103.  Plaintiff's claims are barred by the doctrines of estoppel, laches, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

104.  Plaintiff's claims are barred by the First Amendment to the United States Constitution and any analogous provision of applicable state law.

### FOURTH AFFIRMATIVE DEFENSE

105.  Plaintiff's claims are barred by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE

106.  The use of Plaintiff's photographs in the film was non curat lex.

### SIXTH AFFIRMATIVE DEFENSE

107.  Plaintiff's claims are barred by his failure to register with the Copyright Office some or all of the photographs alleged to have been infringed in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

108.  Plaintiff duly authorized Polaris to enter into a licensing agreement on behalf of Plaintiff with Wall to Wall for use of Moore's images in the film.

109.  Wall to Wall did enter into a license agreement with Plaintiff, via Plaintiff's authorized agent Polaris, to use Moore's photographs in the film.

110.  Wall to Wall performed its duties under the license agreement, including but not limited to paying the full amount of the aggregate license fees for use of any of Moore's photographs in the film.

Dated: Washington, D.C.   June 23, 2008

                                          DAVIS WRIGHT TREMAINE LLP

                                        By: _____
                                             Laura R. Handman (LH-5353)

                                        1919 Pennsylvania Avenue, N.W., Ste. 200
                                        Washington, D.C. 10026-3402
                                        (202) 973-4200

                                        *Attorneys for Defendant Discovery*
                                        *Communications, LLC*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                              ss.:
COUNTY OF NEW YORK  )

DONALD THORESEN, being duly sworn, deposes and says:

I am not a party to this proceeding, am over eighteen years of age, and reside Kings County, State of New York.

On June 23, 2008, I served the annexed Answer upon:

> Randy M. Kornfeld, Esq.
> Kornfeld & Associates, P.C.
> 570 Lexington Avenue, 17th Floor
> New York, New York 10022

by hand delivering a true copy of same to, and leaving it with, the receptionist for the above-named firm.

_____
Donald Thoresen

Sworn to before me this
23rd day of June, 2008.

_____
Notary Public

ROSEMARY SETTEDUCATO
Notary Public, State of New York
No. 24-4678133
Qualified in New York County
Commission Expires Dec 31, 20__