UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIM MOORE,

            Plaintiff,

v.

BRITISH BROADCASTING COMPANY, DISCOVERY COMMUNICATIONS, LLC, WALL TO WALL PRODUCTIONS, INC., MAGNOLIA PICTURES, INC. POLARIS IMAGES CORPORATION, THE WORKS MEDIA GROUP, PLC, JP PAPPIS and SIMON CHINN,

            Defendants.

Civil Action No. 08-CV-3840 (JGK)

**ANSWER**

Filed by ECF

---

Defendant JP Pappis (Pappis) and Polaris Images Corporation ("Polaris") (collectively, "Defendants"), by their undersigned counsel, as and for their Answer to the Complaint dated April 22, 2008 filed herein by Plaintiff Jim Moore ("Moore"), hereby allege as follows:

1. Deny.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

{A062230.DOC/3}

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. Admit.

9. Admit.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

11. Contains only allegations of law which require no response.

12. Contains only allegations of law which require no response.

13. Contains only allegations of law which require no response.

14. Deny.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Deny.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations except admit Moore took some photos of Philippe Petit ("Petit") before and after he walked on wire from one of the two towers of the World Trade Center to the other.

20. Deny.

21. Deny except admit there is a copy of a copyright registration VAu 1-959-300 attached to the Complaint.

22. Deny, and except aver that Moore appointed Polaris as his agent for the purpose of securing licensing deals for his photographs, and admit that Moore, pursuant to the representation agreement, agreed to provide images of Petit to Polaris so that Polaris could license them and except admit that Moore transmitted originals of some photographs of Petit to Polaris.

23. Deny except admit that in 2007 Polaris was approached regarding the use of certain photographs of Petit for inclusion in a film entitled "Man on Wire".

24. Deny, except admit that Polaris was in possession of the originals of some of the Petit photos and admit that Polaris was supplied with additional photos for the purpose of allowing Polaris to negotiate with production companies for "Man on Wire".

25. Deny, except admit that Wall to Wall negotiated with Moore and Polaris regarding use of images of Petit.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny, except admit that on or about March 28, 2008 Polaris received a letter from Moore demanding that it cease and desist using images of Petit.

32. Deny except admit that "Man on Wire" has been shown at film festivals

33. Deny, except admit that Polaris sent Moore a check in the amount of $16,187.50 dated March 31, 2008 by Federal Express.

34. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

35. Defendants re-allege their responses to paragraphs 1-34.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Defendants re-allege their responses to paragraphs 1-41.

43. Admit.

44. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

45. Deny except admit that as of March 4, 2008, JP Pappis received correspondence from Moore.

46. Deny.

47. Deny, except admit that images of Petit were licensed pursuant to a valid agreement.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Defendants re-allege their responses to paragraphs 1-51.

53. Deny, except admit that Pappis knew images of Petit were being included in "Man on Wire".

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Defendants re-allege their responses to paragraphs 1-58.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Defendants re-allege their responses to paragraphs 1-66.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

74. Deny.

75. Defendants re-allege their responses to paragraphs 1-74.

76. Deny, except admit Moore gave Polaris images for the purpose of licensing.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Defendants re-allege their responses to paragraphs 1-81.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Defendants re-allege their responses to paragraphs 1-86.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Defendants re-allege their responses to paragraphs 1-91.

93. Deny.

94. Deny.

95. Deny.

96. Defendants re-allege their responses to paragraphs 1-95.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

## FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff's claimed copyright registration is nonexistent, defective or inapplicable, or was improperly obtained.

## SECOND DEFENSE

Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, the acts complained of were authorized by the copyright owner.

## THIRD DEFENSE

Plaintiff's complaint fails to set forth any claim upon which relief may be granted.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches, estoppel, misuse, failure to mitigate, waiver, acquiescence, license, assumption of risk, and unclean hands.

## SIXTH DEFENSE

If and to the extent that Defendants are found to have infringed Plaintiff's alleged copyright, Defendants were innocent copyright infringers.

## SEVENTH DEFENSE

Plaintiff's state law claims are preempted by federal law.

## EIGHTH DEFENSE

Use by Defendants of any elements of Plaintiff's claimed work, if any, is de minimis and fair use.

## NINTH DEFENSE

Plaintiff lacks standing.

## TENTH DEFENSE

Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

## ELEVENTH DEFENSE

The injunctive relief sought is overbroad.

## TWELFTH DEFENSE

Plaintiff has failed to plead fraud with particularity.

## THIRTEENTH DEFENSE

Plaintiff lacks capacity to sue.

## FOURTEENTH DEFENSE

If the allegations in the Complaint are true, which Defendants deny, then any damages, if any, purportedly suffered by Plaintiff were not proximately caused by Defendants' alleged conduct.

Defendants reserve the right to amend their answer and defenses and/or to assert additional defenses upon completion of investigation and discovery.

**WHEREFORE,** Defendants respectfully request the following relief:

1. That the Complaint be dismissed in its entirety and judgment entered thereupon in favor of Defendants;

2. Judgment in favor of Defendants and and specifically that this Court enter judgment declaring that the Defendants did not infringe on Plaintiff's rights in and to the images of Petit and that Defendants have not engaged in any copyright infringement in violation of any of Plaintiff's rights;

3. That Plaintiff be compelled to pay defendants' attorneys fees and costs in connection with this Action; and

4. For all other and further relief which to this Court may seem proper.

Dated: New York, New York
June 23, 2008

        COWAN, DeBAETS, ABRAHAMS &
        SHEPPARD LLP

        By: _____
             Toby M. J. Butterfield
             Nancy E. Wolff

        41 Madison Avenue, 34th Floor
        New York, New York 10010
        Tel.: (212) 974-7474

        *Attorneys for Defendants Polaris Images*
        *Corporation and JP Pappis*